IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. TDC-22-453** |
| | * | |
| **JOHN ROBERT WILLIAMS, III** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

*******

## GOVERNMENT'S NOTICE OF INTENTION TO INTRODUCE EVIDENCE OF DEFENDANT'S PREVIOUS FELONY CONVICTIONS

The United States of America, by its undersigned counsel, files this Notice of Intention to introduce evidence of the defendant's previous felony convictions. This Notice is conditioned upon the defendant **not** stipulating that he was a convicted felon and knew he was a convicted felon on September 10, 2022; and **not** introducing evidence that his possession of a firearm on September 10, 2022 was accidental, without knowledge or intention, or evidence to that effect.

### September 10, 2022-Possession of Firearm

The Government's evidence will show that on September 10, 2022, while being a convicted felon, the defendant possessed a 9mm semi-automatic handgun in his rear pants pocket. The firearm was discovered by police and body worn camera footage shows police removing the firearm from the defendant's pocket. The defendant is charged with the crime of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).

### Prior Felony Convictions

On June 21, 2005, the defendant pleaded guilty to carrying a handgun and possession of cocaine in the Circuit Court for Prince George's County, Maryland in Case No. CT05-0611X. The defendant was sentenced to three years imprisonment with all but one year suspended for both

offenses, and three years of probation upon release. According to charging documents, the firearm possessed by the defendant in that case was a .25 caliber handgun. On January 22, 2019, the defendant pleaded guilty to possession of a firearm with prior felony convictions, and three related firearms counts in the Circuit Court for Prince George's County, Maryland in Case No. CT18-0560X. According to charging documents, the firearm possessed by the defendant in that case was a 9mm handgun. The defendant was sentenced to 15 years imprisonment with all suspended except for a mandatory five-year sentence of imprisonment. He was placed on five years of probation upon his release.

### Prior Convictions are Necessary to Prove Elements of Crime

"To establish a conviction under § 922(g)(1), the government is required to show: (i) that the defendant was a convicted felon at the time of the offense; (ii) that he voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point.' *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016) (internal quotation marks omitted). The government must also show that the defendant 'knew he had [a prohibited] status when he possessed' the firearm. *Rehaif v. United States*, 139 S. Ct. 2191, 2194, 204 L. Ed. 2d 594 (2019)." *United States v. Bratton,* No. 20-4298, 2021 U.S. App. LEXIS 29012, at *6, 2021 WL 4352388 (4th Cir. Sep. 24, 2021). *See also* Modern Federal Jury Instructions-Criminal ¶ 35.07.

Under Rule 404(b) of the Federal Rules of Evidence, evidence of other crimes, wrongs or acts is admissible for purposes of showing intent, knowledge, and lack of mistake or accident. To date, the defendant has not indicated that he will stipulate that he was a convicted felon and knew he was a convicted felon when he possessed the firearm on September 10, 2022. Thus, as with the elements related to actual possession, evidence of the defendant's prior convictions, including his previous state felon in possession of firearm conviction, is proof of the essential elements of the

crime for which he is charged. Because the prior conviction records are relevant and probative of an essential element of the offense, they will not be offered to establish general character of the defendant and are not in violation of Rules 404(b) or 403 of the Federal Rules of Evidence. *See United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997). *See also United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). Further, the Government will not oppose a limiting instruction explaining the purpose for admitting evidence of prior acts. *See Queen* at 997.

Even if the defendant stipulates to the matters described above, but contests that he knowingly and intentionally possessed the 9mm handgun on September 10, 2022, or that his possession was by accident or mistake, then evidence of his possession of handguns on previous occasions becomes relevant and pertinent to the knowledge element. In *United States v. George*, 597 F. Supp. 3d 832 (E.D.N.C. 2022), the defendant was charged with possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The defendant in *George* denied that he had the knowledge and intent to possess the firearm and ammunition. *Id.* 838. The district court in *George* allowed for the admission of two prior federal felon in possession convictions as being "relevant to an issue other than character and necessary to the government's proof of intent and knowledge." *Id.*

Here, the Government is seeking admission of prior handgun possession incidents in a more limited way than allowed in *George*. The Government is only seeking to introduce such evidence if the defendant in essence represents that he did not know the firearm was in his pants pocket. Under these circumstances, the defendant's knowledge and familiarity with handguns as evidenced by his previous convictions is directly relevant and pertinent to whether he knowingly possessed the handgun when it was found in his pants pocket on September 10, 2022. Because this evidence will be targeted to an essential element, i.e. knowledge and absence of mistake or

3

accident, it will not be in violation of Rule 404(b).  Again, the Government will agree to a limiting instruction explaining the purpose of the prior act evidence.

## Conclusion

In summary, if the defendant (1) stipulates to his status as a convicted felon, and that he knew he was a convicted felon and (2) does not introduce evidence that he unknowingly and unintentionally possessed the firearm, then the Government does not plan to introduce evidence of the above convictions as part of its case in chief.  If, however, the defendant does not stipulate to said matters, and attempts to introduce evidence through cross-examination of Government witnesses or direct testimony or otherwise, that the defendant's possession of the 9mm handgun on September 10, 2022 was accidental, by mistake, or without knowledge or intention, then the defendant has opened the door to evidence of his possession of firearms on previous occasions, and the Government will introduce evidence of these prior incidents.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____

Joshua A. Rosenthal
William D. Moomau
Assistant United States Attorneys
United States Attorney's Office
District of Maryland
6500 Cherrywood Lane, Suite 200
Greenbelt, MD  20770

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2024, the foregoing Notice was filed electronically and thus served upon defense counsel.

 

 

_____
William D. Moomau
Assistant United States Attorney